## WILLIAM WITHERLEE *et al. versus* THE OCEAN INSURANCE COMPANY.

Where there are several actions in favor of different plaintiffs, but against the same defendant, and depending on the same questions and the same evidence, and managed by the same counsel, it is within the discretionary power of the judge, notwithstanding objection on the part of the defendant, to order the actions to be put to the same jury at the same time.
So held in the case of two actions on two policies of insurance underwritten by the defendants on a ship owned jointly by the several plaintiffs.

THIS was assumpsit on a policy of insurance for $10,000, made by the defendants on the ship Antioch, for the plaintiffs, who were owners of one half of her.

After all the evidence was put into the case, *Wilde* J., who sat at the trial, before he charged the jury, ordered that at the same time and on the same evidence, the case of one Adams, a part owner of the ship, against the same defendants, on another policy, should be submitted to the same jury. To this the defendants objected ; but they did not allege that they had any other material evidence applicable to the latter case ; and the depositions used had been taken by consent for both actions ; although their counsel were informed by the judge, that if they had any such evidence, or any reason to offer why the two actions should be tried separately, their objection would be allowed ; but if the two causes depended on the same evidence, and the questions to be determined were in all respects the same, as they appeared to be, it would be more proper that both actions should be tried by the same jury, as the other jury, or some of them, might, from partially hearing the evidence or arguments on the first trial, receive impressions favorable or unfavorable to one or another of the parties, which they might not have received if they had heard the whole evidence and arguments in connexion.

Witherlee
v.
Ocean
Ins. Co.

· The judge persisted in the order, and the jury were charged in both cases at the same time ; and at the same time, in both cases, they returned verdicts for the plaintiffs ; although the defendants persevered in their objection to the two cases going, under such circumstances, to the same jury.

And because the two actions were so consolidated by order of the judge, and without the consent of the defendants, the defendants moved that the verdict in this case might be set aside and a new trial granted.

The defendants made the like motion in the action brought by Adams.

*March 28th,*
1835.

*Hubbard* and *Peabody*, in support of these motions, cited *Mountfort* v. *Hall*, 1 Mass. R. 457 ; *Commonwealth* v. *Wheeler*, 2 Mass. R. 174 ; *Higginson* v. *Gray*, 8 Mass. R. 395 ; *Camman* v. *New York Ins. Co.* 1 Caines's R. 114 ; *Thompson* v. *Shepherd*, 9 Johns. R 262 ; *St.* 1784, *c.* 28, § 12.

*C. G. Loring* and *Bartlett*, for the plaintiffs, cited *Cecil* v *Briggs*, 2 T. R. 639 ; *Cunnack* v. *Gundry*, 1 Chit. Rep. 709 ; *St.* 1782, *c.* 9, § 4 ; Graham's Pr. 418 ; 8 Petersd. Abr. 622 ; *Jackson* v. *Shauber*, 4 Cowen, 78 ; *Jackson* v. *Swartwout*, 5 Cowen, 282.

June 22d,
1835.

MORTON J. delivered the judgment of the Court. A judge at *nisi prius*, has extensive discretionary powers, which are not, and from their nature cannot be, subject to the supervision of the full bench. Among these are the mode of conducting trials, the postponement and continuance of cases, and the regulation of the order in which they shall be tried. The presiding judge, finding together two cases, which, though the parties on one side were different, yet depended upon the same facts and principles, were managed by the same counsel, and were supported by the same evidence, ordered them to be put to the same jury at the same time. This was resisted by the defendants, on the ground of *strict right*. And they now contend that they had a *legal right* to separate trials, and because they were deprived of them now move to have the verdicts set aside.

But it is very clear to our minds, that they had no such right ; that it was within the discretion of the judge to determine when and how the cases should be tried ; that it is not

our province to revise his determination, and, that if it were, we should not reverse it. Circumstances sometimes require that different and even dissimilar cases should be before the same jury at the same time. This is inconvenient and should be avoided whenever the business of the court will permit it. But it not unfrequently happens, that a trial is suspended for a few days, and during the interim other causes are necessarily submitted to the same jury. And nobody doubts the power of the court to pursue this course when it is required by the state of the business. Here was no dissimilarity between the two cases. Justice demanded the same verdict in both. Neither convenience, nor expediency, nor right, required that the same trial should be twice gone over. The ends of private justice, and the public administration of the law, would be better promoted by submitting both cases to one jury.

This order has been compared with the common law practice of consolidating actions. Although there is some analogy between the cases, yet it does not hold throughout. The English consolidation rule was adopted to prevent the multiplication of the costs and expenses of suits. Its object is the same with our statute of 1784, c. 28, which allows the plaintiff to tax but one bill of costs in several actions, which might have been joined in one. So this rule extends only to cases where the parties are, or might have been the same, and the causes of action coexistent and so similar that they might have been united in one action. Where the same plaintiff brings several actions, for the same cause, against several defendants who might have been joined, they are embraced in this rule. The effect of it is to melt down several actions into one, and to have one trial instead of many. There are instances in which thirty or forty actions have been consolidated into one. 1 Tidd's Pr. 556 ; 2 Sellon's Pr. 144 ; Graham's Pr. 418 ; *Cecil* v. *Briggs*, 2 T. R. 639 ; 8 Petersd. 622.

Another practice prevails in the English courts and those of New York and some other States, which more resembles, though it is not prefectly similar to this case. When several actions are brought to try the same question, upon the same evidence and with the same defence, the court, on motion of either party, will order all of them to abide the event of the

Witherlee
v.
Ocean
Ins. Co.

first trial.   This embraces several suits upon the same policy of insurance and different actions of ejectment to try the same title, upon the same evidence.   Tidd, Sellon, and Graham, as above ;  *Jackson* v.  *Shauber*, and the same in ten different actions against ten others, 4 Cowen, 78.

In the last cases the principle is established, that " when several causes in favor of the same plaintiff, though against different defendants, concerning the title to property, depend on the same questions and the same evidence, either party may move that only one of the causes be tried, and that the others abide the event ; and if the fact, that the question and evidence are the same in all, be not disputed by affidavit, the motion will be granted ; otherwise, if that fact be denied or appear to be doubtful."

These rules have not been adopted in this State, and of course do not govern our practice.   But they present analogies, that may aid us in the exercise of a discretion which, as far as practicable, should be governed by standing rules and fixed principles.   The rule passed in this case is much more liberal and better adapted to promote justice, than either of the above.   By these one verdict must be decisive of all the cases.   But when two or more cases are simultaneously submitted to the same jury, they will distinguish between them if there be any distinction, and may return different verdicts The cases of *Camman* v.  *The New York Ins.  Co.* 1 Caines's R.  114, and *Thompson* v.  *Shepherd*, 9 Johns.  R.  262, were correctly decided, according to the rules of New York, and perhaps without them we should have decided in the same way.   But as their rules are not in force here, the decisions can be of no authority with us.

The objection to this order comes with less force and reasonableness from the defendants, than it would have done from the other parties.   The plaintiffs, being different, might with more plausibility claim separate trials, and should they think fit to employ different counsel, might throw serious obstacles in the way of a union.   But, however that might affect the question, situated as these parties were, we can see no good reason why they should not have been united, even against the objections of all the parties.

*Judgment on the verdicts.*